## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------------------- X
CARLOS BARRIOS, on behalf of himself and all others
similarly situated,                                              :
                                                :   **Civ. Action No.:**

                  Plaintiff,                                :
                                                :

    -against-                                                        :
                                                :   **COLLECTIVE ACTION**
                                                :   **AND CLASS ACTION**
LORENZO FOOD GROUP, INC., TEMPS 4 YOU,    :   **COMPLAINT**
LLC, TEMPS 4 YOU TOO, LLC, JOSEPH G.                  :
LORENZO, an Individual, FERNANDO D. PAZ, an       :
Individual, SABY M. TORRES, an Individual, and        :
STAFFING AGENCIES 1-20,                                          :

                                                :
                  Defendants.                         :
                                                :
------------------------------------------------------------------- X

Plaintiff Carlos Barrios ("Barrios" or "plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Law Offices of Mitchell Schley, LLC, brings this collective and class action against Defendants Lorenzo Food Group, Inc., Temps 4 You, LLC, Temps 4 You Too, LLC, Joseph G. Lorenzo, an Individual, Fernando D. Paz, an Individual, Saby M. Torres, an Individual, and Staffing Agencies 1-20, (collectively "defendants"), alleges upon actual knowledge as to himself and, as to all other matters, alleges upon information and belief as follows:

### NATURE OF THE COMPLAINT

1.    Plaintiff brings this action on behalf of himself and all others similarly situated to recover unpaid overtime wages and regular wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. 34:4.1 *et seq.* ("NJWPL").

2.      This case involves factory workers employed at the Englewood, New Jersey facility of Lorenzo Food Group, Inc. ("Lorenzo").

3.      Plaintiff, like many of his co-workers, are Spanish-speaking immigrants who are frequently subject to wage theft. As is often the case, Lorenzo utilizes a staffing agency, here Temps 4 You, LLC and/or Temps 4 You Too, LLC, and other agencies to maintain payroll and issue paychecks to these employees. These employees regularly work overtime but the agencies and Lorenzo engage in a scheme to deny the workers legally mandated overtime wages.

4.      Plaintiff seeks unpaid overtime wages, regular wages, liquidated damages and declaratory relief against defendants' unlawful actions, and attorneys' fees and costs pursuant to the FLSA, NJWHL, and NJWPL on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NJWHL and NJWPL pursuant to 28 U.S.C. § 1367.

6.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because the conduct alleged herein occurred in this judicial district and defendants reside in this district.

## THE PARTIES

**Plaintiff Carlos Barrios**

8.      Plaintiff is a resident of Hudson County, New Jersey.

9.      Plaintiff was employed by defendants as a production worker for defendants from November 2021 to September 2022.

10.     At all relevant times, plaintiff was an employee of Lorenzo within the meaning of the FLSA, NJWHL, and NJWPL.

11.     At all relevant times, plaintiff was an employee of Temps 4 You, LLC within the meaning of the FLSA, NJWHL, and NJWPL.

12.     At all relevant times, plaintiff was an employee of Temps 4 You Too, LLC within the meaning of the FLSA, NJWHL, and NJWPL.

13.     Plaintiff regularly worked in excess of 40 hours per workweek and was not paid at the required overtime wage rate for all overtime hours worked.

14.     Plaintiff worked in excess of 40 hours for weeks in which he received no pay at all.

15.     Defendants had plaintiff Carlos Barrios use alternate names and he was paid under the names of "Juan Guerrero" and "Douglas Sanchez."

16.     Plaintiff has consented to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). His written consent is attached as **Exhibit A**.

**Defendant Lorenzo Food Group, Inc.**

17.     Defendant Lorenzo has been at all relevant times a New Jersey corporation that owns and operates a factory at 196 Coolidge Ave, Englewood, New Jersey 07631, in which plaintiff worked.

18.     Lorenzo has also done business under the name, York Street Market.

19.     Lorenzo is a wholesaler which, among other things, produces and sells boxed meals and grab-and-go food items such as sandwiches, salads, and fruit cups to customers such as hotels, sports arenas, airports, and schools.

20.     Lorenzo processes more than 300,000 orders annually and has a fleet of refrigerated trucks.

21.    At all relevant times, Lorenzo was engaged in interstate commerce. In this regard, Lorenzo ships goods outside of New Jersey.

22.    At all relevant times, Lorenzo had an annual gross volume of sales or annual gross volume of business done of at least $500,000, within the meaning of the FLSA. 29 U.S.C. §203(s)(1)(A)(ii).

23.    At all relevant times, Lorenzo was an enterprise whose annual volume of sales made or business done was at least $500,000, within the meaning of the FLSA. 29 U.S.C. §203(s)(1)(A)(ii).

24.    While employed by Lorenzo, plaintiff was engaged in commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1).

25.    While employed by Lorenzo, plaintiff was engaged in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(i), 203(j).

26.    While plaintiff was employed by Lorenzo and at all relevant times, Lorenzo was an enterprise engaged in commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1), 203(r), 203(s).

27.    While plaintiff was employed by Lorenzo and at all relevant times, Lorenzo was an enterprise engaged in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1), 203(r), 203(s).

28.    Lorenzo has been at all relevant times an employer covered by the FLSA.

29.    Lorenzo has been at all relevant times an employer covered by the NJWHL. N.J.S.A. 34:11-56al(g).

30.    Lorenzo has been at all relevant times an employer covered by the NJWPL. N.J.S.A. 34-4.1(a).

**Defendant Temps 4 You, LLC**

31.    Defendant Temps 4 You, LLC ("Temps") is a New Jersey Limited Liability Company formed on April 2, 2019, which provides staffing for customers. The term staffing agency herein includes labor contractor, employee leasing company, staffing company, staffing service, staffing agency, payrolling company, or temporary staffing agency.

32.    The main business address of Temps is 409 Knickerbocker Ave., Paterson, NJ 07503.

33.    While plaintiff was employed by Temps and at all relevant times, Temps was engaged in interstate commerce.

34.    While plaintiff was employed by Temps and at all relevant times, Temps had an annual gross volume of sales or annual gross volume of business done of at least $500,000, within the meaning of the FLSA. 29 U.S.C. §203(s)(1)(A)(ii).

35.    While plaintiff was employed by Temps and at all relevant times, Temps was an enterprise whose annual volume of sales made or business done was at least $500,000, within the meaning of the FLSA. 29 U.S.C. §203(s)(1)(A)(ii).

36.    While employed by Temps, plaintiff was engaged in commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1).

37.    While employed by Temps, plaintiff was engaged in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(i), 203(j).

38.    While plaintiff was employed by Temps and at all relevant times, Temps was an enterprise engaged in commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1), 203(r), 203(s).

39.    While plaintiff was employed by Temps and at all relevant times, Temps was an enterprise engaged in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1), 203(r), 203(s).

40.    Temps has been at all relevant times an employer covered by the FLSA.

41.    Temps has been at all relevant times an employer covered by the NJWHL. N.J.S.A. 34:11-56al(g).

42.    Temps has been at all relevant times an employer covered by the NJWPL. N.J.S.A. 34-4.1(a).

**Defendant Temps 4 You Too, LLC**

43.    Defendant Temps 4 You Too, LLC ("Temps Too") is a New Jersey Limited Liability Company formed on June 22, 2020, which provides staffing for customers, also sometimes known as a labor contractor, employee leasing company, staffing agency, staffing company, staffing service or temp agency.

44.    The main business address of Temps Too is 409 Knickerbocker Ave., Paterson, NJ 07503.

45.    At all relevant times, Temps Too engaged in interstate commerce.

46.    At all relevant times, Temps Too had an annual gross volume of sales or annual gross volume of business done of at least $500,000, within the meaning of the FLSA. 29 U.S.C. §203(s)(1)(A)(ii).

47.    At all relevant times, Temps Too was an enterprise whose annual volume of sales made or business done was at least $500,000, within the meaning of the FLSA. 29 U.S.C. §203(s)(1)(A)(ii).

48.    While employed by Temps Too, plaintiff was engaged in commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1).

49.    While employed by Temps Too, plaintiff was engaged in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(i), 203(j).

50.    At all relevant times, Temps Too was an enterprise engaged in commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1), 203(r), 203(s).

51.    At all relevant times, Temps Too was an enterprise engaged in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §206(a), 207(a)(1), 203(r), 203(s).

52.    Temps Too has been at all relevant times an employer covered by the FLSA.

53.    Temps Too has been at all relevant times an employer covered by the NJWHL. N.J.S.A. 34:11-56al(g).

54.    Temps Too has been at all relevant times an employer covered by the NJWPL. N.J.S.A. 34-4.1(a).

**Defendants Temps 4 You, LLC and Temps 4 You Too, LLC Are a Single Employer**

55.    Temps and Temps Too share direct or indirect control of the essential terms and conditions and employment policies and practices with respect to their employees.

56.    Temps and Temps Too are commonly owned.

57.    Temps and Temps Too engage in the same type of business.

58.    Temps and Temps Too have common management.

59.    Temps and Temps Too have common financial control.

60.    Temps and Temps Too are integrated business organizations.

61.    The operations of Temps and Temps Too are interrelated.

62.    The labor relations of Temps and Temps Too are centrally controlled.

63.    Temps and Temps Too share facilities.

64.    Temps and Temps Too share equipment.

65.    Temps and Temps Too present themselves as a single integrated entity to the public.

66.    At all relevant times, Temps and Temps Too acted directly or indirectly in the interest of each other in relation to plaintiff and all others similarly situated.

67.    At all relevant times, Temps and Temps Too have been a "single employer" within the meaning of the FLSA, NJWHL, and NJWPL with regard to plaintiff and all others similarly situated.

68.    Temps and Temps Too are individually, jointly, and severally liable for the violations of the FLSA, NJWHL, and NJWPL, alleged herein.

**Defendant Temps 4 You, Too LLC is a Successor Employer of Defendant Temps 4 You, LLC**

69.    Temps merged its business with Temps Too.

70.    In connection with its merger with Temps, Temps Too has continued the same business operations at the same locations.

71.    Fernando D. Paz is a Managing Member of Temps and Temps Too.

72.    All of Fernando D. Paz's duties and authority set forth herein have been exercised for both Temps and Temps Too.

73.    Saby M. Torres is a Managing Member of Temps and Temps Too.

74.    All of Saby M. Torres's duties and authority set forth herein have been exercised for both Temps and Temps Too.

75.    Fernando D. Paz is an owner of Temps and Temps Too.

76.    Saby Torres is an owner of Temps and Temps Too.

77.    Temps Too has retained the same members of management and administration since the merger.

78.    Temps Too has retained the employees of Temps Too.

79.    Temps and Temps Too conduct the same business namely, the placement of workers with customers.

80.    The Temps and Temps Too service the same customers.

81.    There was no business interruption with respect to the operation of Temps and Temps Too.

82.    The Temps employees continue to be subjected to the same terms and conditions of employment.

83.    The Temps employees continue to be supervised by the same supervisors.

84.    Since the merger, Temps and Temps Too have held Temps Too out to the public as a continuation of Temps.

85.    When Temps and Temps Too merged, Temps Too knew that Temps had been violating the FLSA, NJWHL, and NJWPL with respect to its employees.

86.    Based on the facts alleged above, and by virtue of the consolidation of Temps and Temps Too, which constitutes a merger or "*de facto* merger" pursuant to New Jersey law, Temps Too is a successor responsible for and liable for the FLSA, NJWHL, and NJWPL violations alleged herein against Temps.

87.    Based on the facts alleged above, and by virtue of the consolidation of Temps and Temps Too, Temps Too is a "mere continuation" of Temps pursuant to New Jersey law. Thus, Temps Too is a successor responsible for and liable for the FLSA, NJWHL, and NJWPL violations alleged herein against Temps.

88.    Temps in its current form and financial status, does not have the ability to provide adequate relief directly to the alleged collective and class for Temps's violations of the FLSA, NJWHL, and NJWPL.

89.    Temps Too constitutes a successor employer within the meaning of the FLSA and is liable for the violations of the FLSA by Temps, as alleged herein.

90.    Temps Too constitutes a successor of Temps within the meaning of the NJWHL and NJWPL and is liable for the violations of the NJWHL and NJWPL, as alleged herein.

91.    As the successor employer of plaintiff and all others similarly situated, Temp Too is liable for the violations of Temps alleged herein and both are jointly and severally responsible for plaintiff's damages.

92.    In addition, Section 34:11-58.1(d) of the NJWHL provides that there is an irrebuttable presumption that an employer has successor liability if the predecessor and successor share at least two of the eight characteristics listed therein. In this case, Temps and Temps Too share not only two, but all eight of the characteristics listed in the statute and, accordingly, Temps Too is a successor within the meaning of the NJWHL and NJWPL liable for Temps violations of the NJWHL and NJWPL, as alleged herein.

**Defendant Staffing Agencies 1-20**

93.    Defendant Staffing Agencies 1-20 are yet unidentified entities that contracted with Lorenzo to supply it with labor and issue paychecks to these employees during the Liability Period and engaged in unlawful conduct that is alleged herein against Temps and Temps Too. When the names of these entities are identified in discovery, the Complaint will be amended accordingly.

**Lorenzo and Temps/Temps Too constitute Joint Employers within the meaning of the FLSA, NJWHL and NJWPL**

94.     Unless otherwise indicated, Temps and Temps Too are hereinafter referred to individually and collectively as Temps.

95.     During the Liability Period, Temps has provided employees, including plaintiff, to Lorenzo to work at Lorenzo's facility in Englewood, New Jersey.

96.     Temps prepares the payroll and issues paychecks to employees it assigns to work at Lorenzo.

97.     The Temps employees work on Lorenzo's premises, utilize Lorenzo's equipment, and are integral to and are necessary for the operation of Lorenzo's business.

98.     Some of Temps employees work at Lorenzo on an exclusive, full-time, long-term basis. For example, plaintiff worked at the Lorenzo facility for nearly a year.

99.     Lorenzo either directly or indirectly hires, fires, disciplines, establishes, and enforces work rules and safety rules, and controls the working conditions and overall management of the Temps employees.

100.     Lorenzo either directly or indirectly sets productivity standards for the Temps employees, assigns work, trains, and determines the work schedules for the employees.

101.     At all relevant times, **a)** plaintiff and those similarly situated performed work which simultaneously benefitted Lorenzo and Temps; **b)** Lorenzo and Temps acted directly or indirectly as employers in the interest of each other in relation to plaintiff and those similarly situated; and **c)** Lorenzo and Temps shared direct or indirect control of the terms and conditions of employment, pay and compensation and labor relations policies and practices with respect to plaintiff and those similarly situated.

102.    At all relevant times, Lorenzo and Temps have been joint employers of plaintiff and those similarly situated within the meaning of the FLSA and, therefore, they are jointly and severally liable for the violations of the FLSA.

103.    At all relevant times, Lorenzo and Temps have been joint employers of plaintiff and those similarly situated within the meaning of the NJWHL and, therefore, they are jointly and severally liable for the violations of the NJWHL.

104.    At all relevant times, Lorenzo and Temps have been joint employers of plaintiff and those similarly situated within the meaning of the NJWPL and, therefore, they are jointly and severally liable for the violations of the NJWPL.

105.    Separately, and in addition, Lorenzo and Temps at all relevant times have been jointly and severally liable for the violations of the NJWHL and NJWPL, with respect to plaintiff and those similarly situated, pursuant to N.J.S.A. 34:11-58.2.

106.    N.J.S.A. 34:11-58.2(a) provides that,

> **A client employer and a labor contractor providing workers to the client employer shall be subject to joint and several liability and shall share civil legal responsibility for any violations of the provisions of State wage and hour laws or State employer tax laws, or violations of the provisions of section 10 of P.L. 1999, c. 90(C.2C:40A-2) regarding compliance with State wage and hour laws or State employer tax laws … and both the client employer and the labor contractor may be subject to any remedy provided for violations of those laws.**

107.    Lorenzo is a client employer with respect to Temps within the meaning of N.J.S.A. 34:11-58.2(d).

108.    Temps is a labor contractor with respect to Lorenzo within the meaning of N.J.S.A. 34:11-58.2(d).

109.    Temps is a subcontractor with respect to Lorenzo within the meaning of N.J.S.A. 34:11-58.2(d).

**Defendant Joseph G. Lorenzo**

110.    Defendant Joseph G. Lorenzo ("J. Lorenzo") is a resident of Passaic County, New Jersey.

111.    J. Lorenzo is a founder of Lorenzo.

112.    J. Lorenzo is an owner of Lorenzo.

113.    J. Lorenzo is the sole owner of Lorenzo.

114.    J. Lorenzo is a member of the Board of Directors of Lorenzo.

115.    J. Lorenzo is an officer of Lorenzo.

116.    J. Lorenzo is the CEO and President of Lorenzo.

117.    At all relevant times, J. Lorenzo has been involved in the day-to-day operations of Lorenzo.

118.    At all relevant times, J. Lorenzo has had operational control and managerial authority with respect to all aspects of Lorenzo, including its employees.

119.    J. Lorenzo has been engaged in the day-to-day management of Lorenzo, including its employees.

120.    J. Lorenzo has been a final decision-maker with respect to the terms and conditions of employment of the employees of Lorenzo.

121.    J. Lorenzo has been a final decision-maker with respect to the hiring, firing, and disciplinary action for the employees of Lorenzo.

122.    J. Lorenzo has decided on rates of pay, calculation of pay, and methods of payment for the employees of Lorenzo.

123.    J. Lorenzo has promulgated and enforced employment and labor relations policies and work rules for the employees of Lorenzo.

124.    J. Lorenzo has been involved in the preparation of employee handbooks and manuals for the employees of Lorenzo.

125.    J. Lorenzo has decided work assignments and work schedules for the employees of Lorenzo.

126.    J. Lorenzo has had control over and managerial authority with respect to work records, payroll records, time records, and payroll tax records for the employees of Lorenzo.

127.    J. Lorenzo decided that defendants would not pay overtime pay to plaintiff and those similarly situated, as alleged herein.

128.    At all relevant times, J. Lorenzo has acted directly or indirectly in the interest of Lorenzo in relation to plaintiff and those similarly situated, and has been an employer of the plaintiff and those similarly situated within the meaning of the FLSA, NJWHL, and NJWPL. 29 U.S.C. § 203(d); N.J.S.A. 34:11-56a1(g) and 34:11-4.1(a).

129.    J. Lorenzo is personally, jointly, and severally liable for the violations of the FLSA, NJWHL, and NJWPL by Lorenzo.

130.    Separately, and in addition, J. Lorenzo is personally, jointly, and severally liable for the violations of the NJWHL and NJWPL by Lorenzo, pursuant to N.J.S.A. 34:11-58.2.

131.    N.J.S.A. 34:11-58.2(c) provides that,

> **Any person acting on behalf of an employer, including a client employer or labor contractor, who violates any provision of State wage and hour laws or State employer tax laws, or any provision of section 10 of P.L. 1999, c. 90(C.2C:40A-2) regarding compliance with State wage and hour laws or State employer tax laws, including any provision of those laws concerning the misclassification of workers, may be held liable as the employer for the violation. For the purposes of this section, "person acting on behalf of an employer" includes an individual acting on behalf of an employer who is an owner, director, officer, or manager of the employer.**

132.    J. Lorenzo has been a person acting on behalf of an employer within the meaning of N.J.S.A. 34:11-58.2(c).

**Defendant Fernando D. Paz**

133.    Defendant Fernando D. Paz ("Paz") resides at 409 Knickerbocker Ave, Paterson, New Jersey 07503.

134.    Paz is a founder of Temps.

135.    Paz is an owner of Temps.

136.    Paz is a Managing Member of Temps.

137.    At all relevant times, Paz has been involved in the day-to-day operations of Temps.

138.    At all relevant times, Paz has had operational control and managerial authority with respect to all aspects of Temps, including its employees.

139.    Paz has been engaged in the day-to-day management of Temps, including its employees.

140.    Paz has been a final decision-maker with respect to the terms and conditions of employment of the employees of Temps.

141.    Paz has been a final decision-maker with respect to the hiring, firing, and disciplinary action for the employees of Temps.

142.    Paz has decided on rates of pay, calculation of pay, and methods of payment for the employees of Temps.

143.    Paz has promulgated and enforced employment and labor relations policies and work rules for the employees of Temps.

144.    Paz has prepared employee handbooks and manuals for the employees of Lorenzo, including plaintiff.

145.    Paz has decided work assignments and work schedules for the employees of Temps, including plaintiff.

146.    Paz has had control over and managerial authority with respect to work records, payroll records, time records, and payroll tax records for the employees of Temps, including plaintiff.

147.    Paz decided that Temps would not pay overtime pay to plaintiff and those similarly situated, as alleged herein.

148.    Paz decided that Temps would not pay regular pay to plaintiff and those similarly situated, as alleged herein.

149.    At all relevant times, Paz has acted directly or indirectly in the interest of Temps in relation to plaintiff and those similarly situated, and has been an employer of the plaintiff and those similarly situated within the meaning of the FLSA, NJWHL, and NJWPL. 29 U.S.C. § 203(d); N.J.S.A. 34:11-56a1(g) and 34:11-4.1(a).

150.    Paz is personally, jointly, and severally liable for the violations of the FLSA, NJWHL, and NJWPL by Temps.

151.    Separately, and in addition, Paz is personally, jointly, and severally liable for the violations of the NJWHL and NJWPL by Temps, pursuant to N.J.S.A. 34:11-58.2.

152.    Paz has been a person acting on behalf of an employer within the meaning of N.J.S.A. 34:11-58.2(c).

**Defendant Saby M. Torres**

153.    Defendant Saby M. Torres ("Torres") resides at 409 Knickerbocker Ave, Paterson, New Jersey 07503.

154.    Paz and Torres are married.

155.    Paz and Torres live at the same location.

156.    Torres is a founder of Temps.

157.    Torres is an owner of Temps.

158.    Torres is a Managing Member of Temps.

159.    At all relevant times, Torres has been involved in the day-to-day operations of Temps.

160.    At all relevant times, Torres has had operational control and managerial authority with respect to all aspects of Temps, including its employees.

161.    Torres has been engaged in the day-to-day management of Temps, including its employees.

162.    Torres has been a final decision-maker with respect to the terms and conditions of employment of the employees of Temps, including plaintiff.

163.    Torres has been a final decision-maker with respect to the hiring, firing, and disciplinary action for the employees of Temps.

164.    Torres has decided on rates of pay, calculation of pay, and methods of payment for the employees of Temps, including plaintiff.

165.    Torres has promulgated and enforced employment and labor relations policies and work rules for the employees of Temps, including plaintiff.

166.    Torres has prepared employee handbooks and manuals for the employees of Lorenzo, including plaintiff.

167.    Torres has decided work assignments and work schedules for the employees of Temps, including plaintiff.

168.    Torres has had control over and managerial authority with respect to work records, payroll records, time records, and payroll tax records for the employees of Temps, including plaintiff.

169.    Torres decided that Temps would not pay overtime pay to plaintiff and those similarly situated, as alleged herein.

170.    Torres decided that Temps would not pay regular pay to plaintiff and those similarly situated, as alleged herein.

171.    At all relevant times, Torres has acted directly or indirectly in the interest of Temps in relation to plaintiff and those similarly situated, and has been an employer of the plaintiff and those similarly situated within the meaning of the FLSA, NJWHL and NJWPL. 29 U.S.C. § 203(d); N.J.S.A. 34:11-56a1(g) and 34:11-4.1(a).

172.    Torres is personally, jointly and severally liable for the violations of the FLSA, NJWHL and NJWPL by Temps.

173.    Separately, and in addition, Torres is personally, jointly and severally liable for the violations of the NJWHL, and NJWPL by Temps, pursuant to N.J.S.A. 34:11-58.2.

174.    Torres has been a person acting on behalf of an employer within the meaning of N.J.S.A. 34:11-58.2(c).

**FLSA COLLECTIVE ACTION ALLEGATIONS**

175.    Plaintiff brings the First Claim against defendants as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and other similarly situated individuals, which shall include all production workers who were contracted by Temps or any other staffing agency to work at Lorenzo's Englewood, New Jersey facility at any time within three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

176.   The FLSA Collective consists of over 40 similarly situated current and former production workers who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by willfully denying them all overtime pay due and minimum wage due.

177.   As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

178.   This policy, pattern, or practice includes failing to pay plaintiff and other similarly situated production workers overtime wages at the rate of one-and-one-half times their regular hourly wage rates for all hours worked in excess of 40 in a workweek.

179.   This policy, pattern or practice includes failing to pay plaintiff and others similarly situated their regular wages at all for certain workweeks, thus failing to pay them the federally mandated minimum wage for those workweeks.

180.   Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to the FLSA Collective.

181.   The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants and are readily identifiable and can be located through its records which defendants are required to create and maintain pursuant to the FLSA, NJWHL and NJWPL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## NEW JERSEY WAGE AND HOUR LAW AND NEW JERSEY WAGE PAYMENT LAW CLASS ALLEGATIONS PURSUANT TO N.J.S.A. 34:11-56a25 and 34:11-4.10

182.    The NJWHL, N.J.S.A. 34:11-56a25, provides that "an employee shall be entitled to maintain the action for and on behalf of himself or other employees similarly situated …."

183.    The NJWPL, N.J.S.A. 34:11-4.10, provides that "an employee shall be entitled to maintain the action for and on behalf of himself or other employees similarly situated …."

184.    Plaintiff has chosen to maintain this action on behalf of himself and other employees similarly situated within the meaning of N.J.S.A. 34:11-56a25 and 34:11-4.10.

185.    The Second and Third Claims alleging violations of the NJWHL and NJWPL by defendants are brought and are properly maintainable as a class action on behalf of plaintiff and those similarly situated pursuant to N.J.S.A. 34:11-56a(25) and 34:11-4.10. This class is referred to herein as the "NJWHL Similarly Situated Class."

186.    The NJWHL Similarly Situated Class shall include all production workers contracted by Temps or any other staffing agency to work at Lorenzo's Englewood, New Jersey facility at any time within six years prior to the filing of this action through the entry of judgment in this action (the "NJWHL Similarly Situated Class").

187.    The NJWHL Similarly Situated Class is believed to consist of over 40 similarly situated current and former employees who have been victims of defendants' common policy and practice that **a)** violated their rights under the NJWHL and NJWPL by willfully denying them the proper and full overtime pay at the rate of one-and-one-half times their regular hourly wage rate for all hours worked in excess of 40 in a workweek, and **b)** by not paying them at all for certain workweeks in violation of the NJWHL and NJWPL. The NJWHL Similarly Situated Class was subjected to the same terms and conditions of employment. The identity of NJWHL Similarly

Situated Class members is known to the defendants and is contained in the employment records that the defendants are required to create and maintain pursuant to the NJWHL and NJWPL.

188.    Defendants knew at all relevant times that the NJWHL required them to pay proper and full overtime wages in accordance with the law, but they culpably chose not to do so.

189.    Defendants knew at all relevant times that the NJWHL required them to pay the New Jersey minimum wage for all workweeks, but they culpably chose not to do so.

190.    Defendants knew at all relevant times that the NJWPL required them to pay all wages owed for all workweeks, but they culpably chose not to do so.

191.    Defendants' violations of the NJWHL described above have been knowing, intentional, and willful and have caused significant damage to the NJWHL Similarly Situated Class.

192.    Defendants' violations of the NJWPL described above have been knowing, intentional, and willful and have caused significant damage to the NJWHL Similarly Situated Class.

193.    Defendants are liable to plaintiff and the NJWHL Similarly Situated Class for liquidated damages in the amount of 200% of the amount of unpaid wages pursuant to N.J.S.A. 34:11-56a25 and 34:11-4.10.

**RULE 23 CLASS ACTION ALLEGATIONS**

194.    Plaintiff brings the Second and Third Claims as a class action, pursuant to Rule 23(b)(1) and 23(b)(1)(B)(2) and (3) of the Federal Rules of Civil Procedure, on behalf of a class that shall include all production workers who were contracted by Temps or any other staffing agency to work at Lorenzo's Englewood, New Jersey facility at any time within the six years prior to the filing of this action through the entry of judgment in this action (the "New Jersey Rule 23

Class").

195.    The persons in the New Jersey Rule 23 Class are so numerous that the joinder of all members is impracticable. The exact number of the New Jersey Rule 23 Class members is unknown to plaintiff at this time, but there are believed to be over 40 such persons.

196.    The identities of the New Jersey Rule 23 Class members are known to defendants and are contained in the employment records that defendants are required to create and maintain pursuant to the NJWHL and NJWPL.

197.    Plaintiff's claims are typical of the claims of the New Jersey Rule 23 Class because plaintiff and the New Jersey Rule 23 Class sustained damages arising out of defendants' conduct in violation of the NJWHL and NJWPL.

198.    The New Jersey Rule 23 Class members work, or have worked, for defendants as production workers and were not paid all overtime wages due or not paid at all for certain workweeks by defendants. They and plaintiff have sustained similar types of damages as a result of defendants' failure to comply with the NJWHL and NJWPL and supporting regulations.

199.    Defendants employed, or still employ, the New Jersey Rule 23 Class without paying them all overtime wages due.

200.    Defendants employed, or still employ, the New Jersey Rule 23 Class without paying them all regular wages due for certain weeks.

201.    Plaintiff will fairly and adequately protect the interests of the members of the New Jersey Rule 23 Class and has retained counsel competent and experienced in complex class action litigation.

202.    Plaintiff has no interests that are contrary to or in conflict with those of the other members of the New Jersey Rule 23 Class.

203.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

204.    Common questions of law and fact exist as to all members of the New Jersey Rule 23 Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Rule 23 Class are:

  a.  whether defendants violated the NJWHL and the supporting New Jersey Department of Labor & Workplace Development regulations;

  b.  whether defendants violated the NJWPL and the supporting New Jersey Department of Labor & Workplace Development regulations;

  c.  whether defendants failed to pay its production workers all overtime wages due at a rate of one and-one-half-times their regular hourly rate for all hours worked in excess of 40 in a workweek, in violation of the NJWHL;

  d.  whether defendants failed to pay its production workers all regular wages due, including minimum wage, in violation of the NJWHL and NJWPL.

205.    Defendants have acted or refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate relief with respect to the New Jersey Rule 23 Class as a whole.

206.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual New Jersey Rule 23 Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for plaintiff and the New Jersey Rule 23 Class members to individually seek redress for the wrongful conduct alleged.  Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to vigorously prosecute a lawsuit against defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

207.    This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

208.    This action is also properly maintainable as a class action on behalf of plaintiff and other employees similarly situated pursuant to N.J.S.A. 34:11-56a25 and 34:11-4.10, as set forth above.

## FACTUAL ALLEGATIONS

209.    Plaintiff brings this action to obtain damages, as well as declaratory, and other relief, individually and on behalf of the proposed FLSA Collective, New Jersey Rule 23 Class, and NJWHL Similarly Situated Class described above against defendants who did not receive all overtime wages pay and regular wages due as required by the FLSA, NJWHL, and NJWPL.

210.    Lorenzo has engaged Temps and other staffing agencies to provide it with labor, process payroll, and issue paychecks to Spanish-speaking employees.

211.    At all relevant times, if a Spanish-speaking applicant applies for a production work job at Lorenzo, Lorenzo refers them to apply through Temps or another staffing agency.

212.    Production work herein includes the production, assembly, and packaging of food products for Lorenzo customers at Lorenzo's facility.

213.    Temps hired plaintiff in or about November 2021 and assigned him to work as a production worker at the Lorenzo until in or about September 2022.

214.    Plaintiff worked at Lorenzo as a production worker.

215.    Plaintiff and those similarly situated engaged in the production of food products.

216.    Neither plaintiff nor many Spanish-speaking workers at Lorenzo have a car. Therefore, each morning they would go to the office of Temps which then transported the workers

in a bus or van to Lorenzo. At the end of the work day, Temps picked up plaintiff and co-workers with a bus or van and returned them to the office of Temps.

217.    Temps charged plaintiff and co-workers $10.00 per day for transportation.

218.    Another bus or van from a staffing agency in New York City also dropped-off and picked-up Spanish-speaking workers at Lorenzo.

219.    Once the plaintiff and those similarly situated workers were dropped off at Lorenzo, the members of Temps management had no further contact with them at work. They acted as regular workers of Lorenzo under the direction and supervision of Lorenzo.

220.    Plaintiff and co-workers assigned by Temps or another staffing agency worked side-by-side with employees who were hired and employed directly by Lorenzo.

221.    Plaintiff and those similarly situated generally worked Monday to Saturday 7:00 a.m. to 6:00 p.m. with a 30-minute lunch break. Therefore, they worked about 23 overtime hours per week.

222.    Plaintiff was paid weekly on Fridays with two Temps paychecks.

223.    Temps asked plaintiff to provide it with two alternative names to use on the two weekly paychecks. Plaintiff gave them the name "Juan Guerrero" for paycheck one and "Douglas Sanchez for paycheck two.

224.    Throughout plaintiff's employment with defendants, he and all others similarly situated were not paid an overtime premium of 1.5 times his regular hourly rate for hours worked over 40 hours in a workweek.

225.    For example, plaintiff was not paid overtime for the following workweeks ending on December 11, 2021, and January 8, February 12, March 12, April 9, May 14, June 11, July 16, and August 13, 2022.

226. Plaintiff was paid $13.00 per hour in 2021 and 2022

227. Barrios was paid for the first 40 hours of work in a workweek with one check payable to "Juan Guerrero."

228. Barrios was paid for his additional work hours over 40 hours in a workweek with a second check payable to "Douglas Sanchez" at his regular wage rate without the legally mandated overtime premium.

229. The NJWPL requires that the employer indicate the number of hours worked in the pay period. In order to hide that plaintiff and those similarly situated worked more than 40 hours in a workweek and due overtime pay, Temps split the pay under two names in separate checks so that neither paycheck shows that overtime hours were worked.

230. In the case of Spanish-speaking employees, another scheme employers sometimes use to hide the overtime hours worked is to have work up to 40 hours paid by one staffing agency and have the hours worked in excess of 40 hours in the same workweek paid by a second different staffing agency. Thus, neither check shows work in excess of 40 hours, and all hours worked are paid at the regular rate.

231. Defendants recorded the start time and end time of each work day of plaintiff and those similarly situated.

232. The daily and weekly hours of Barrios and those similar situated can be determined from defendants' records which they are required to be maintained by the FLSA, NJWHL, and NJWPL.

233. Lorenzo knew that workers supplied by Temps regularly worked for Lorenzo for more than 40 hours per week.

234.    Lorenzo knew that the workers supplied by Temps and other staffing agencies it utilized regularly did not receive premium overtime pay for the overtime hours they worked.

235.    Lorenzo knew that Temps and other staffing agencies it utilized paid workers the agencies supplied with alternative names.

236.    Lorenzo knew that Temps and other staffing agencies it utilized paid workers with two paychecks each week to avoid the payment of overtime wages.

237.    For the first few months of his employment at Lorenzo, plaintiff was given his paychecks in the Temps office after the van or bus from Lorenzo dropped him off at the Temps office. Later, a manager in the Lorenzo facility handed out the Temps paychecks to plaintiff and those similarly situated.

238.    In or about August and September 2022, about five paychecks Temps gave plaintiff and those similarly situated bounced for insufficient funds and these workers were not paid at all for those workweeks.

239.    At all relevant times, New Jersey law and the FLSA required defendants to post a notice advising its employees of their wage and hour rights at defendants' facilities in a conspicuous and accessible place. N.J.S.A. 34-11-56a21; N.J.S.A. 34:11-4.6(d); 29 C.F.R. 516.4.

240.    At all relevant times, defendants failed to post at its facilities the notice required by New Jersey law and the FLSA.

241.    At all relevant times, New Jersey law and the FLSA required that with respect to plaintiffs and those similarly situated, their employer keep true and accurate records of the hours worked each day and each workweek, the regular hourly wage paid, and the basis upon which wages are paid. N.J.S.A. 34-11-56a20; N.J.A.C. 12-56-4.1.

242.    At all relevant times, defendants failed to record and maintain the information required by New Jersey law and the FLSA.

243.    The NJWHL requires employers to maintain employee work time records for six years. N.J.A.C. 12-56-4.4.

244.    At all relevant times, the NJWHL required that defendants with respect to plaintiff use a work time-keeping system that produces a complete, true, and accurate record. N.J.A.C. 12-56.4.2

245.    At all relevant times, defendants failed to utilize a work time-keeping system required by the NJWHL for plaintiffs.

246.    New Jersey law requires that for non-exempt employees the pay statement or paystub that accompanies a paycheck include the total number of hours worked in a workweek and the rate of pay. N.J.S.A. 34:11-4.6.

247.    The pay statement or paystub defendants issued to plaintiff did not include the information required by New Jersey law.

**FIRST CLAIM**
**Fair Labor Standards Act – Unpaid Overtime and Minimum Wage**
**(FLSA Collective Action)**

248.    Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

249.    Defendants are required to pay plaintiff and the FLSA Collective one-and-one-half (1½) times their regular rates of pay for all hours that they worked in excess of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207 *et seq*.

250.    Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA, even though plaintiff and the FLSA Collective have regularly worked more than 40 hours per workweek.

251.    Defendants are required to pay plaintiff and the FLSA Collective the applicable federal minimum wage. FLSA, 29 U.S. § 206 *et seq.*

252.    For the weeks plaintiff and those similarly situated were not paid at all for their work hours, defendants violated the minimum wage requirements of the FLSA.

253.    Defendants knew their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

254.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the FLSA Collective.

255.    Defendants' violations of the FLSA have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

256.    As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective have suffered damages by being denied overtime pay and minimum wage in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages at 100%, pre- and post-judgment interest, attorneys' fees and costs.

### SECOND CLAIM
### New Jersey Wage and Hour Law – Unpaid Overtime Wages
### (New Jersey Rule 23 Class and NJWHL Similarly Situated Class)

257.    Plaintiff, the New Jersey Rule 23 Class, and NJWHL Similarly Situated Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

258.    Under the NJWHL, defendants were required to pay plaintiff and the New Jersey Rule 23 Class one and one-half (1½) times their regular rates of pay for all hours they worked in excess of 40 hours in a workweek.

259.    The Liability Period for the Second Claim begins six years prior to the commencement of an action pursuant to N.J.S.A. 34:11 56a25.1 and *Maia v. IEW Construction Group,* 2023 N.J. Super. LEXIS 20 (App. Div. March 1, 2023) (Approved for Publication).

260.    Plaintiff, the New Jersey Rule 23 Class and NJWHL Similarly Situated Class regularly worked more than 40 hours per week.

261.    Defendants have failed to pay plaintiff and the New Jersey Rule 23 Class and NJWHL Similarly Situated Class members the overtime wages to which they were entitled under the NJWHL.

262.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of plaintiff and the New Jersey Rule 23 Class and NJWHL Similarly Situated Class.

263.    Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiff and the New Jersey Rule 23 Class and NJWHL Similarly Situated Class overtime wages.

264.    Due to defendants' willful violations of the NJWHL, plaintiff and the New Jersey Rule 23 Class and NJWHL Similarly Situated Class are entitled to recover their unpaid overtime wages, liquidated damages at 200%, pre- and post-judgment interest, attorneys' fees, and costs.

265.    Plaintiff, the New Jersey Rule 23 Class, and NJWHL Similarly Situated Class are entitled to recover liquidated damages at 200 percent of wages due for the applicable statutes of limitations, pursuant to N.J.S.A. 34:11-56a25 and 34:11-4.10.

**THIRD CLAIM**
**New Jersey Wage Payment Law and New Jersey Wage and Hour Law**
**– Unpaid Regular Wages**
**(New Jersey Rule 23 Class and NJWHL Similarly Situated Class)**

266.    Plaintiff, the New Jersey Rule 23 Class, and NJWHL Similarly Situated Class repeat and reallege all foregoing paragraphs as is fully set forth herein.

267.    Under the NJWPL, defendants were required to pay plaintiff, the New Jersey Rule 23 Class and NJWHL Similarly Situated Class all regular wages due and not withhold the payment of wages.

268.    The NJWPL, N.J.S.A. 34:11-4.2 and 4.4, provides that the employer shall pay the full amount of wages due to its employees on regular pay days.

269.    The Liability Period for the Third Claim begins six years prior to the commencement of an action pursuant to N.J.S.A. 34:11 56a25.1 and *Maia v. IEW Construction Group,* 2023 N.J. Super. LEXIS 20 (App. Div. March 1, 2023) (Approved for Publication).

270.    Plaintiff, the New Jersey Rule 23 Class and NJWHL Similarly Situated Class regularly worked more than 40 hours per week. In at least five instances in or about August and September 2022, defendants paid no wages for work performed in a workweek because paychecks issued to plaintiff and other similarly situated bounced for insufficient funds.

271.    Under the NJWHL defendants were required to pay plaintiff, the New Jersey Rule 23 Class and NJWHL Similarly Situated Class the applicable New Jersey minimum wage for all hours of work in a workweek. N.J.S.A. 34:11-56a4.

272.    Plaintiff, the New Jersey Rule 23 Class and NJWHL Similarly Situated Class worked more than 40 hours per week for each week they were not paid at all.

273.    Defendants have failed to pay plaintiff, the New Jersey Rule 23 Class and NJWHL Similarly Situated Class the New Jersey minimum hourly wage for the workweeks in which they were not paid at all.

274.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL and NJWPL with respect to the compensation of plaintiff, the New Jersey Rule 23 Class and NJWHL Similarly Situated Class.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, the FLSA Collective, New Jersey Rule 23 Class, and NJWHL Similarly Situated Class respectfully request that this Court enter a judgment:

a.    Certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. § 216(b) for the employees described herein, certifying plaintiff as representative of the collective, and designating plaintiff's counsel as counsel for the FLSA Collective;

b.    Certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Second and Third Claims for the class of employees described herein, certifying plaintiff as the class representative, and designating plaintiff's counsel as Class counsel for the New Jersey Rule 23 Class;

c.    Certifying the case as a class action for similarly situated employees pursuant to N.J.S.A. 34:11-56as25 and 34:11-4.10 as it pertains to the Second and Third Claims for the class

of employees described herein, certifying plaintiff as the class representative, and designating plaintiff's counsel as class counsel for the NJWHL Similarly Situated Class;

      d.     Authorizing the issuance of notice at the earliest possible time to all production workers who were employed by defendants and worked at Lorenzo's during the six years immediately preceding the filing of this action.

      e.     Declaring that defendants have violated the overtime provisions of the FLSA and NJWHL;

      f.     Declaring that defendants have violated the minimum wage provisions of the FLSA and NJWHL;

      g.     Declaring that defendants have violated the wage payment provisions of the NJWPL;

      h.     Declaring that defendants' violations of the FLSA were willful and, therefore a three-year statute of limitation applies pursuant to the FLSA, 29 U.S.C. § 255(a);

      i.     Declaring that the Liability Period for the violations of the NJWHL and NJWPL begins six years before the commencement of this action;

      j.     Awarding plaintiff, the FLSA Collective, New Jersey Rule 23 Class and NJWHL Similarly Situated Class damages for unpaid overtime wages, minimum wages, and regular wages;

      k.     Awarding plaintiff and the FLSA Collective liquidated damages under the FLSA;

      l.     Awarding plaintiff, the New Jersey Rule 23 Class and NJWHL Similarly Situated Class liquidated damages under the NJWHL and NJWPL;

      m.     Awarding plaintiff, the FLSA Collective, New Jersey Rule 23 Class and NJWHL Similarly Situated Class pre- and post-judgment interest under the FLSA, NJWHL and NJWPL;

n.      Awarding plaintiff, the FLSA Collective, New Jersey Rule 23 Class and NJWHL Similarly Situated Class reasonable attorneys' fees, costs, and expenses pursuant to the FLSA, NJWHL, and NJWPL; and

o.      Awarding such other and further relief as the Court deems just and proper.

**Law Offices of Mitchell Schley, LLC**

By:     *s/ Mitchell Schley*
Mitchell Schley
197 Route 18, Suite 3000
East Brunswick, New Jersey 08816
(732) 325-0318
mschley@schleylaw.com

*Attorneys for Plaintiff and all others similarly situated*

Dated: December 12, 2023